# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE FERNANDEZ,<br><br>          Plaintiff,<br><br>v.<br><br>SATTERFIELD, et al.,<br><br>          Defendants. | Case No. 1:19-cv-01220-JLT (PC)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Doc. 14) |

      Jorge Fernandez requests the appointment of counsel to represent him in this action. (Doc. 14.) Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

      Because the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

///

1 | The Court does not find the required exceptional circumstances in this case. Even if the Court assumes that Plaintiff is not well versed in the law and has made serious allegations that, if proven, would entitle him to relief, his case is not extraordinary. The Court is faced with similar cases almost daily. In addition, at this stage in the proceedings, the Court cannot make a determination on whether Plaintiff is likely to succeed on the merits; and, based on a review of the records in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. *See id.*

In his motion, Plaintiff alleges that Defendants are continuing to harass him. (*See* Doc. 14 at 1-2.) Though Plaintiff's allegations do not satisfy the "exceptional circumstances" standard articulated above, the Court notes that Plaintiff may pursue a new civil rights action based on constitutional violations that occur(ed) after he initiated the present action.

For the foregoing reasons, the Court DENIES Plaintiff's motion for the appointment of counsel without prejudice.

IT IS SO ORDERED.

Dated: **February 27, 2020**            **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE