UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE FERNANDEZ,<br><br>            Plaintiff,<br><br>      v.<br><br>SATTERFIELD, et al.,<br><br>            Defendants. | Case No. 1:19-cv-01220-DAD-JLT (PC)<br><br>**ORDER DISREGARDING PLAINTIFF'S MOTION TO FILE A FIRST AMENDED COMPLAINT AS UNNECESSARY**<br><br>(Doc. 21) |

On February 7, 2020, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and found that it states cognizable claims of retaliation against Defendants Satterfield, Eslick, Jackson, and Salzer, but not against Flores. (Doc. 13.) Plaintiff filed a notice that he wishes to proceed only on the claims found cognizable. (Doc. 14.) Accordingly, the Court issued findings and recommendations to dismiss Defendant Flores (Doc. 17) and an order directing service of Plaintiff's complaint (Doc. 18). Defendants filed a waiver of service on April 15, 2020 (Doc. 22), and a responsive pleading is due June 5, 2020.

On April 6, 2020, Plaintiff filed a motion requesting permission to file a second amended complaint. (Doc. 21.) Because Plaintiff has not yet filed a first amended complaint—his original complaint is the current operative pleading—the Court construes his filing as a motion to file a first amended complaint.

///

Pursuant to the Federal Rules of Civil Procedure, Plaintiff may file an amended complaint once as a matter of right within 21 days of Defendants filing a responsive pleading. Fed. R. Civ. P. 15(a)(1); *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Therefore, the Court DISREGARDS Plaintiff's motion as unnecessary. Plaintiff may file a first amended complaint, without leave of Court, <u>within 21 days of Defendants filing a responsive pleading</u> to Plaintiff's original complaint. *See id.*

The Court notes that an amended complaint supersedes the original complaint, and the original is "treated thereafter as non-existent." *Ramirez*, 806 F.3d at 1008 (internal quotation marks and citations omitted). In addition, the Court is required to screen Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A, and Defendants will not be required to submit a responsive pleading to any amended complaint until such screening is completed.

Plaintiff states that he has "acquired more information/supporting evidence/supporting facts as relates to this matter." (Doc. 21 at 1.) The Court notes, first, that supporting evidence is not required at this stage of litigation. As stated in the Court's first informational order, parties may not file "evidence" (such as disciplinary records, witness affidavits, etc.) with the Court unless it becomes necessary to do so in response to a motion or Court order or at trial. (Doc. 8 at 3.) Second, although Plaintiff may include additional facts in an amended complaint, if the facts pertain to the same claims of retaliation that the Court has already found cognizable (*see* Doc. 13), additional facts are unnecessary. Plaintiff should only file an amended complaint if he wishes to add or remove *claims* or *defendants*. Plaintiff is required to exhaust administrative remedies with respect to any new claims in an amended complaint before filing that amended complaint. *See Rhodes v. Robinson*, 621 F.3d 1002, 1005-07 (9th Cir. 2010).

IT IS SO ORDERED.

Dated: __**April 23, 2020**__                    _____/s/ Jennifer L. Thurston_
                                                                UNITED STATES MAGISTRATE JUDGE