UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE FERNANDEZ,<br><br>                Plaintiff,<br><br>     v.<br><br>SATTERFIELD, et al.,<br><br>                Defendants. | Case No. 1:19-cv-01220-DAD-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>(Doc. 26)<br><br>14-DAY DEADLINE |

Before the Court is Plaintiff's "motion for emergency injunctive relief." (Doc. 26.) The Court construes Plaintiff's filing as a motion for a preliminary injunction. For the reasons set forth below, the Court recommends that Plaintiff's motion be denied.

**I.    PLAINTIFF'S MOTION**

Plaintiff contends the four defendants in this action—Correctional Officers Satterfield, Eslick, Jackson, and Salzer—plus ten other correctional officers at Sierra Conservation Center are "under penalty of perjury" and have conspired to harass and retaliate against him. (*See* Doc. 26 at 2.) Plaintiff alleges that an inmate assaulted him on April 14, 2020 at the direction of these officers, "yet Plaintiff was written up a rules violation report for defending himself." (*Id.* at 3.) As a result, Plaintiff believes his life is in "[i]mmediate danger." (*Id.*). Plaintiff requests that the Court order the officers to cease their harassment, including their issuing of "rules violation reports justifying [his] C-status and transfer to a level four … institution known for violence." (*Id.*

at 2-3.)

## II. DISCUSSION

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. "The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again—a likelihood of substantial and immediate irreparable injury." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (internal quotation marks and citation omitted).

Additionally, a "federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "[A]n injunction must be narrowly tailored 'to affect only those persons over which it has power,' … and to remedy only the specific harms shown by the plaintiffs, rather than 'to enjoin all possible breaches of the law.'" *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (quoting *Zepeda*, 753 F.2d at 727, 728 n.1).

Plaintiff does not show that he is likely to succeed on the merits of his claims. Plaintiff's contentions that fourteen correctional officers are conspiring to retaliate against him by issuing false rules violation reports, transferring him to a prison "known for violence," and directing an inmate assault against him and thereby placing his life in danger, are not supported by any adequate factual allegations. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Except for his allegation that an inmate assaulted him on April 14, 2020, Plaintiff provides no factual matter regarding his claims, only conclusory assertions.

Plaintiff also provides inadequate factual allegations that he will suffer irreparable harm if

the Court denies his requested relief. Plaintiff's contention that his life is in danger as a result of an assault and a theoretical transfer to a "level-four" prison is purely speculative. "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22 (citation omitted). Plaintiff does not make that showing.

Lastly, Plaintiff's requested relief—including that the Court order ten non-parties to "discontinue any and all forms of harassment" (Doc. 26 at 2)—is overly broad. As stated above, the Court has personal jurisdiction only over the parties to this action and may not "enjoin all possible breaches of the law." *Zepeda*, 753 F.2d at 727, 728 n.1 (internal quotation marks and citation omitted). "A district court's power to issue a preliminary injunction should not be broader in scope with respect to nonparties than its powers following a full trial on the merits." *Id.* at 728 n.1. Plaintiff's requested relief would fall outside the Court's powers following a trial in this matter.[1]

### III.  CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the Court **RECOMMENDS** that Plaintiff's motion for a preliminary injunction be **DENIED**. These Findings and Recommendations will be submitted to the District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **May 20, 2020**                    /s/ Jennifer L. Thurston
                                                                UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes, though, that if any individuals subject Plaintiff to retaliatory acts or other constitutional deprivations not raised in this action, Plaintiff would have grounds for bringing another civil rights lawsuit.

3