UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE FERNANDEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>SATTERFIELD, et al.,<br><br>    Defendants. | No. 1:19-cv-01220-DAD-JLT (PC)<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS AND GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>(Doc. Nos. 36, 39) |

   Plaintiff Jorge Fernandez is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

   On July 6, 2020, the assigned magistrate judge screened plaintiff's first amended complaint (Doc. No. 33) and found that it stated cognizable claims of retaliation against defendants Satterfield, Eslick, and Jackson, but that plaintiff had failed to state a cognizable claim against any other defendant. (Doc. No. 32.)  The magistrate judge directed plaintiff, within twenty-one (21) days, to file a second amended complaint curing the deficiencies in his pleading or to notify the court of his desire to proceed only on the claims found cognizable. (*Id.* at 2, 9.) The order warned plaintiff that his failure to comply would result in a "recommend[ation] that this action proceed only on the claims found cognizable . . . and that all other claims and

1    defendants be dismissed with prejudice." (*Id.* at 9.)  Plaintiff did not file an amended complaint
2    nor did he notify the court of his decision whether to proceed only on the cognizable claim.
3           Accordingly, on September 4, 2020, the assigned magistrate judge issued findings and
4    recommendations, recommending that (1) defendant Salzer be dismissed and (2) the claims in
5    plaintiff's first amended complaint be dismissed, except for his First Amendment retaliation
6    claims against defendants Satterfield, Eslick, and Jackson in their individual capacities. (Doc.
7    No. 36.)
8           The findings and recommendations were served on plaintiff and contained notice that any
9    objections thereto were to be filed within fourteen (14) days from the date of service. (*Id*.)  Those
10   findings and recommendations were served on plaintiff by at his then address of record.
11   However, on September 25, 2020 the court received a notice of a change of address from plaintiff
12   dated September 5, 2020, indicating that he had been transferred to his present place of
13   confinement and advising the court of that new address of record. (Doc. No. 38.)
14          On October 19, 2020, plaintiff filed his objections well after the fourteen-day deadline,
15   but therein alleges, and provides supporting documentation, that he did not receive the September
16   4, 2020 findings and recommendations at his new prison of confinement until October 6, 2020.
17   (Doc. No. 39 at 1, 7.)  Plaintiff also contends that he could not file his second amended complaint
18   in keeping with the July 6, 2020 order because his legal materials were confiscated and he was
19   placed in administrative segregation at his previous institution of confinement. (*Id*. at 2.)
20   Plaintiff requests permission to cure the deficiencies in his first amended complaint and to
21   comply with the July 6, 2020 order by filing a second amended complaint. (*Id*. at 3.)  Given these
22   circumstances, the undersigned finds justification to grant plaintiff an additional twenty-one (21)
23   days to file a second amended complaint.  Should plaintiff again fail to do so without justification
24   and also fail to communicate with the court that he wished to proceed on the claims found to be
25   cognizable in the screening order within the provided time, this action will be dismissed for
26   failure to comply with the court's orders.
27          In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
28   *de novo* review of this case.  Having carefully reviewed the entire file, the undersigned declines to

adopt the pending findings and recommendations recommending dismissal of the claims found not to be cognizable in the July 6, 2020 screening order at this time. Instead, and out of an abundance of caution, plaintiff will be granted one final opportunity to file a second amended complaint or file a notice that he wishes to proceed on the claims found to be cognizable in the screening order.

Accordingly,

1. The court declines to adopt the findings and recommendations issued on September 4, 2020 (Doc. No. 36);
2. Plaintiff is granted leave to file a second amended complaint within twenty-one (21) days from the date of service of this order;
3. Any failure on plaintiff's part to file a second amended complaint or file a notice indicating a desire to proceed on the claims already found to be cognizable within the time provided will result in dismissal of this action due to his failure to comply with a court order; and
4. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **October 29, 2020**    /s/ Dale A. Drozd
UNITED STATES DISTRICT JUDGE