**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JORGE FERNANDEZ,<br><br>        Plaintiff,<br><br>   v.<br><br>SATTERFIELD, et al.,<br><br>        Defendants. | Case No. 1:19-cv-01220-DAD-BAK (EPG) (PC)<br><br>**ORDER TO SHOW CAUSE IN WRITING WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDERS**<br><br>**21-DAY DEADLINE** |

Plaintiff Jorge Fernandez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action.

**RELEVANT BACKGROUND**

On April 19, 2022, Defendants Bick, Boyette, Darby, Eslick, Flores, Salzer, and Satterfield ("Defendants") filed a motion for partial summary judgment for Plaintiff's failure to exhaust administrative remedies. (ECF No. 64.) Pursuant to Local Rule 230(l), and as explained in Defendants' Notice of Motion (*id.* at 2), Plaintiff had 21 days to file an opposition or a statement of non-opposition to Defendants' motion for partial summary judgment. Plaintiff failed to respond in any way.

//

On May 19, 2022, Defendants filed a Motion to Compel Production of Documents from Plaintiff. (ECF No. 65.) Defendants contend Plaintiff failed to respond to their February 10, 2022, production request and to defense counsel's meet and confer letter of April 15, 2022, despite agreeing to send Defendants responsive documents during Plaintiff's deposition taken April 4, 2022. (*Id*. at 3, 5.) Plaintiff has also failed to file an opposition or statement of non-opposition to Defendants' motion to compel.

On May 27, 2022, the Court issued an Order Requiring Response to Motion for Partial Summary Judgment, providing Plaintiff with a 30-day deadline within which to file an opposition to Defendants' partial summary judgment motion or a statement of non-opposition. (ECF No. 66.) Plaintiff was cautioned that a failure to comply with the order could result in the Court treating the facts in Defendants' motion for partial summary judgment as undisputed, or, that the Court recommend this action be dismissed for Plaintiff's failure to prosecute and failure to comply with a court order. (*Id*. at 2.) Yet again, Plaintiff has failed to respond in any way.

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Plaintiff will be afforded one final opportunity to file an opposition or statement of non-opposition to Defendants' partial summary judgment motion. ***If Plaintiff fails to do so, the undersigned will recommend this action be dismissed for Plaintiff's failure to prosecute and failure to obey court orders***.

**CONCLUSION AND ORDER**

For the reasons set forth above, the Court **ORDERS** that Plaintiff, **within 21 days** of the date of service of this order, **shall** file a response with the Court showing cause why this action should not be dismissed for his failure to prosecute this action and failure to obey court orders. Alternatively, within that same time, Plaintiff may file an opposition to Defendants' motion for partial summary judgment or a statement of non-opposition to the motion.

IT IS SO ORDERED.

Dated:   **July 5, 2022**                                      /s/ Erica P. Grosjean
                                                                           UNITED STATES MAGISTRATE JUDGE