1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11    JORGE FERNANDEZ,                          Case No. 1:19-cv-01220-DAD-BAK (EPG) (PC)

12                   Plaintiff,

13         v.                                   **ORDER GRANTING DEFENDANTS'**
                                                **MOTION TO MODIFY THE DISCOVERY**
14    SATTERFIELD, et al.,                      **AND SCHEDULING ORDER**

15                   Defendants.                (ECF No. 68)

16

17         Plaintiff Jorge Fernandez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

18    *pauperis* in this civil rights action.

19         **RELEVANT BACKGROUND**

20         On April 19, 2022, Defendants Bick, Boyette, Darby, Eslick, Flores, Salzer, and

21    Satterfield ("Defendants") filed a motion for partial summary judgment for Plaintiff's failure to

22    exhaust administrative remedies. (ECF No. 64.) Plaintiff failed to file an opposition or statement

23    of non-opposition.

24         On May 19, 2022, Defendants filed a Motion to Compel Production of Documents from

25    Plaintiff. (ECF No. 65.) Plaintiff failed to file an opposition or statement of non-opposition.

26         On May 27, 2022, the Court issued an Order Requiring Response to Motion for Partial

27    Summary Judgment, providing Plaintiff with a 30-day deadline. (ECF No. 66.) Plaintiff failed to

28    respond in any way.

On July 5, 2022, the Court issued an Order to Show Cause in Writing Why Action Should Not Be Dismissed for Failure to Prosecute and Failure to Obey Court Orders ("OSC"). (ECF No. 67.) Plaintiff was afforded 21 days within which to respond. (*Id*. at 3.)  As to the OSC, the time within which Plaintiff must respond has not yet passed.

On July 15, 2022, Defendants filed a Motion to Modify the Scheduling Order. (ECF No. 68.) Defendants seek an extension of the deadline for filing dispositive motions—July 21, 2022— to "a date sixty days after a final ruling on the exhaustion motion is issued." (*Id*. at 3, 5.)

**ANALYSIS**

Considering Defendants' pending motions—both the motion for partial summary judgment and the motion to compel—and the pending OSC, and the potential overlap between claims presented in the now pending motion and a future motion for summary judgment affecting the merits, the Court believes an extension of the dispositive motion deadline is appropriate. Further, such an extension will allow for resolution of the OSC, which may ultimately resolve the entire action ahead of any need for a determination of Defendants' pending motions.

**CONCLUSION AND ORDER**

For the reasons stated above, Defendants' motion to modify the Discovery and Scheduling Order (ECF No. 68) is **GRANTED.**  Therefore, the dispositive motion filing deadline is extended from July 21, 2022 until 90 days after the Court issues a final ruling on Defendants' motion for summary judgment re: exhaustion.

IT IS SO ORDERED.

Dated:   **July 18, 2022**

/s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE