UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE FERNANDEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>SATTERFIELD, et al.,<br><br>        Defendants. | Case No. 1:19-cv-01220-DAD-BAK (EPG) (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDERS**<br><br>**14-DAY DEADLINE** |

Plaintiff Jorge Fernandez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action.

**RELEVANT BACKGROUND**

On April 19, 2022, Defendants Bick, Boyette, Darby, Eslick, Flores, Salzer, and Satterfield ("Defendants") filed a motion for partial summary judgment for Plaintiff's failure to exhaust administrative remedies. (ECF No. 64.) Pursuant to Local Rule 230(l), and as explained in Defendants' Notice of Motion (*id.* at 2), Plaintiff had 21 days to file an opposition or a statement of non-opposition to Defendants' motion for partial summary judgment. Plaintiff failed to respond in any way.

//

On May 19, 2022, Defendants filed a Motion to Compel Production of Documents from Plaintiff. (ECF No. 65.) Defendants contend Plaintiff failed to respond to their February 10, 2022, production request and to defense counsel's meet and confer letter of April 15, 2022, despite agreeing to send Defendants responsive documents during Plaintiff's deposition taken April 4, 2022. (*Id*. at 3, 5.) Plaintiff failed to file an opposition or statement of non-opposition to Defendants' motion to compel.

On May 27, 2022, the Court issued an Order Requiring Response to Motion for Partial Summary Judgment, providing Plaintiff with a 30-day deadline within which to file an opposition to Defendants' partial summary judgment motion or a statement of non-opposition. (ECF No. 66.) Plaintiff failed to respond.

On July 5, 2022, the Court issued an Order to Show Cause ("OSC") why this action should not be dismissed for Plaintiff's failure to prosecute and failure to obey court orders. (ECF No. 67.) Plaintiff was given 21 days within which to respond to the OSC or, alternatively, to file an opposition or statement of non-opposition to Defendants' motion for partial summary judgment. (*Id*. at 3.) Once again, Plaintiff failed to respond.

**DISCUSSION**

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

//

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, Plaintiff has failed to file a response to Defendants' motion for partial summary judgment (ECF No. 64) filed April 19, 2022 and motion to compel production of documents (ECF No. 65) filed May 19, 2022. Further, Plaintiff has failed to respond to this Court's May 27, 2022 and July 5, 2022 Orders. (ECF Nos. 66-67.) The Court cannot effectively manage its docket if Plaintiff ceases litigating his case, as Plaintiff has done here. Hence, the Court finds that both the first and second factors weigh in favor of dismissal. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d at 1440.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, more than 80 days have elapsed beyond the deadline for Plaintiff to file an opposition or non-opposition to Defendants' motion for partial summary judgment. Notably too, more than 60 days have passed since the Court issued its Order requiring a response to Defendants' motion for partial summary judgment. Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action, weighing in favor of dismissal for a risk of prejudice to Defendants. *Anderson v. Air W.*, 542 F.2d at 524; *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted); *Henderson v. Duncan*, 779 F.2d at 1424. Plaintiff has made no effort to move this case forward and his failure to respond impedes progress toward disposition

3

on the merits.

As concerns the last factor, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. In its May 27, 2022 Order, the Court stated: "If Plaintiff fails to comply with this order, in ruling on Defendants' motion for partial summary judgment the Court may treat the facts asserted by Defendants in the motion for partial summary judgment as undisputed. Alternatively, the Court may recommend that this case be dismissed for Plaintiff's failure to prosecute and failure to comply with a court order." (ECF No. 66 at 2.) Additionally, the Court's OSC of July 5, 2022, included the following warning: "Plaintiff will be afforded one final opportunity to file an opposition or statement of non-opposition to Defendants' partial summary judgment motion. ***If Plaintiff fails to do so, the undersigned will recommend this action be dismissed for Plaintiff's failure to prosecute and failure to obey court orders***." (ECF No. 67 at 3.) Thus, the fifth factor weighs in favor of dismissal because Plaintiff has received adequate warning that dismissal could result from his noncompliance.

In sum, Plaintiff has failed to comply with the applicable Local Rules and this Court's specific orders. In so doing, Plaintiff fails to prosecute this action. *Ferdik*, 963 F.2d at 1260-61; *Henderson v. Duncan*, 779 F.2d at 1424. As a result, the undersigned will recommend this action be dismissed.

//
//
//
//
//
//
//
//
//

4

**CONCLUSION AND RECOMMENDATIONS**

For the reasons given above, the Court **RECOMMENDS** that this action be **DISMISSED**, without prejudice, for Plaintiff's failure to prosecute and failure to obey court orders.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 19, 2022**                       /s/ Erica P. Grosjean
                                                   UNITED STATES MAGISTRATE JUDGE